```
Randall Knox, State Bar No. 113166
870 Market Street, Suite 1152
San Francisco, CA 94102
(415) 765-7500
Attorney for Frederick Lim Johnson
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     v.<br><br>FREDERICK LIM JOHNSON,<br><br>          Defendant.<br>_____ | No. CR-07-0371 CRB<br><br>**MOTIONS IN LIMINE TO EXCLUDE EVIDENCE UNDER F.R.E. 403**<br><br>Date: August 2, 2007<br>Courtroom:<br>Trial date: August 13, 2007 |

**TO THE UNITED STATES ATTORNEY AND THE ABOVE COURT:**

**INTRODUCTION**

The defendant, Frederick Lim Johnson, is charged by indictment with being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g)(1). Defendant moves, through counsel, to exclude from evidence under F.R.E. 403, testimony and tangible items expected to be proffered by the Government at trial during its case in chief.

**STATEMENT OF FACTS**

On May 30, 2007, the defendant was under surveillance by agents of the Federal Bureau of Investigation because the defendant was suspected of bank robbery. At that time, Johnson was on supervised release from a previous conviction for bank robbery.

1

That morning, Johnson was seen in Sunnyvale, California, driving a Honda Accord that belonged to his girlfriend.  Later that morning, Johnson was followed by a Ford SUV being driven by Edward Kang.  According to the surveillance report, Johnson parked the Honda in a parking lot and entered Kang's Ford as a passenger, carrying a small, dark duffle bag.

FBI agents followed the Ford from that parking lot to a Wells Fargo Bank parking lot and back to the first parking lot.  Some time later, Johnson and Kang were ordered out of the Ford at gunpoint by the agents and Johnson was arrested.  The agents allege that a brown leather bag was recovered from the passenger side floorboard of the Ford.  Inside the bag were a loaded pistol, a flesh colored face mask and other items.

A search warrant was executed on the residence of Johnson's girlfriend in Sunnyvale.  Among the items seized were clothing, shoes, a list of addresses of banks and three Halloween masks.

The next day, May 31, 2007, Johnson allegedly told FBI agents "You guys should have shot me yesterday.  I would have gone for it, but didn't because I didn't want Edward to get hurt."  Later, according to the agents, Johnson said "After thinking about what went down yesterday, you know me, I don't think I would have done anything, I'm not a shooter."

The FBI reports also indicate that Johnson had been under surveillance for several weeks before his arrest.  On May 26 and

29, 2007, the agents followed Johnson to a card club and the Wells Fargo Bank parking lot, including among other places. No obvious criminal activity was observed.

Included in the discovery is a statement that Johnson gave federal prosecutors in 2003, where he admitted to participating in other bank robberies where he wore a mask.

The defendant now seeks to exclude testimony and tangible items related to:

(1) any prior convictions suffered by the defendant;

(2) surveillance of the defendant prior to his arrest;

(3) the mask and other items seized from the Ford SUV other than the firearm and bag;

(4) any items seized from defendant's Ford Mustang or the Honda Accord that do not show ownership or possession of the firearm;

(5) any items seized from the residence of defendant's girlfriend, in particular, the list of addresses, masks, clothing, shoes and any other items unrelated to ownership or possession of the firearm;

(6) any evidence of prior bank robberies where the defendant was or is a suspect, either charged or uncharged;

(7) the statement given by the defendant to the federal prosecutor in 2003;

3

(8) a statement purportedly made by the defendant that he thought about shooting at the agents; and

(9) any evidence concerning the purchase of masks by the defendant.

The defendant is willing to stipulate that he is precluded from lawfully possessing a firearm because of a past criminal conviction.

**ARGUMENT**

**Summary of Argument**

The prosecution intends to offer evidence of the earlier surveillance of Johnson on the theory that Johnson "casing the bank" is inextricably intertwined with being a felon in possession of a gun. The prosecution will also assert that Johnson driving to the bank on earlier occasions is admissible under F.R.E. 404(b) "as probative of, among other things, motive, preparation, plan, knowledge, and identity."

The earlier surveillance is not relevant to proving the crime of being a felon with a gun. The elements of 18 U.S.C. § 922(g)(1) are: (1) being a convicted felon (to which defendant will stipulate); and (2) possession of a weapon. There is no element that the gun be possessed for any specific purpose like bank robbery. As a result, evidence of other conduct, aside from possessing the gun, is not relevant to or probative of any contested issue.

4

The prosecution also seeks to introduce "evidence of Johnson's prior bank robberies, including the statement in his 2003 proffer that he used masks in prior bank robberies." The prosecution contends that the crimes are "probative of identity, among other matters that are relevant under Rule 404(b)."

The identity of the people arrested in the Ford SUV from where the gun was retrieved is not at issue. Johnson and Kang were the only two occupants. The only matter at issue is whether Johnson had constructive possession of the weapon found in the bag on the passenger side floorboard.

The admission of evidence of past bank robberies would create undue prejudice that would far outweigh its probative value on constructive possession of the gun.

**The Standard of Admissibility**

Because evidence of other crimes, wrongs or acts carries the inherent potential for jurors to convict a defendant for being a bad person, "a trial court must take appropriate care to see that this does not happen." U.S. v. Curtin, 489 F.3d 935, 957 (9th Cir. 2007).

First, before the evidence is admitted, the proponent must identify the specific purpose for which the evidence is offered. Id. at 958.

Then, the trial court must determine whether the matter to be proven is at issue. The evidence must be probative of either a

5

statutory element that the prosecution is obligated to prove, or a fact that the defendant has placed, or conceivably will place, in issue. Id. at 957.

Even when those requirements are satisfied, the court must still determine whether the probative value of the evidence is substantially outweighed by the danger of undue o to the defense.

F.R.E. 403 provides that evidence may be excluded "if its probative value is substantially outweighed by its undue prejudice confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

If the court allows admission of the evidence of other acts, it is required to clearly instruct the jury to limit consideration of the evidence to the specific purpose. Curtin at 958.

**Casing the bank is not inextricably intertwined with gun possession**

The prosecution relies on U.S. v. Williams, 291 F.3d 1180, 1189 (9th Cir. 2002) to support its assertion that Johnson driving to the bank is inextricably intertwined with gun possession.

Evidence is "inextricably intertwined" if it constitutes part of the transaction that serves as a basis for the criminal charge or is necessary to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime. Id. at 1189.

The transaction that serves as the basis for the criminal charge is being a felon and possessing a gun.  Carrying a bag from one car to another tends to show possession of a gun if the gun is later found in the bag.  Driving to a bank parking lot on days earlier does not tend to show possession of a gun when the gun is not observed on those occasions.

Evidence of earlier surveillance of the defendant in the bank parking lot is not necessary for a coherent and comprehensible story about how the gun was found.

In addition, the defendant has not placed in issue why he was searched and arrested or why he was under surveillance.  Evidence of earlier surveillance neither proves an element of gun possession nor an issue raised by defense.  It simply creates the impression that the defendant must be a very bad man to warrant such intense scrutiny by the FBI.

Even evidence that the defendant was under surveillance the day of his arrest is immaterial since the defense has not filed a motion challenging the legality of the search.

As in U.S. v. Owens, 424 F.3d 649, 656 (7th Cir. 2005), the prosecution here is attempting to bolster its case by the unnecessary use of other acts on the ground that the conduct is inextricably intertwined.  In Owens, the prosecution "invoked the specter" of an earlier bank robbery of the same bank by the defendant in order to show the defendant's familiarity with that

7

particular bank.  In reversing the conviction, the Seventh Circuit stated that the prosecution could "have just as effectively completed its narrative of the crime," in other ways "[h]ad the government shown such self-restraint."  Id. at 656.  "Instead the government got greedy,...thereby tainting the record, inviting the risk of unfair prejudice, and place[d] its case in jeopardy."  Id. at 656.  That is the danger that the prosecution courts here.

**Other Acts under F.R.E. 404(b)**

F.R.E. 404(b) allows admission of other acts to prove, among other things, motive, preparation, plan, knowledge and identity. 404(b) prohibits the admission of other acts to show character or propensity to commit a crime.

For prior bad acts to be admissible under F.R.E. 404(b), four criteria must be met: (1) the evidence must prove a material element of the charged offense; (2) the act must be similar to the charged offense; (3) proof of the act must be supported by sufficient evidence; and (4) the conduct must not be remote in time.  U.S. v Arumbula-Ruiz, 987 F.2d 599, 602 (9th Cir. 1993).

In addition, the prosecution must still show that the evidence is probative of a matter at issue and that its probative value is not substantially outweighed by undue prejudice.  U.S. v. Connor, 825 F.2d 1384, 1390 (9th Cir. 1987).

///

### Evidence of Earlier Surveillance is Not Admissible under F.R.E. 404(b)

Evidence that Johnson was observed driving to the bank parking lot on previous occasions is not material to the elements of felon in possession of a gun. It does not tend to prove either that the defendant is a convicted felon or that he constructively possessed the gun when he was arrested.

Nor is driving to the bank, or casing the bank, similar to possessing a weapon.

The evidence might be relevant and probative if the defendant were charged with conspiracy to commit bank robbery, but the crime charged here is gun possession. Checking out a bank's layout and means of access and escape may be evidence of some preparation or plan to rob a bank, but not of possessing a gun. A defendant does not need to case a bank to prepare for or plan to possess a gun.

As stated earlier, even evidence that the defendant was under surveillance the day of his arrest is not material since the defense has not filed a motion challenging the legality of the search.

Nor is identity at issue in this case. The defense does not dispute that Johnson was in the SUV before he was arrested. The defense will contest whether Johnson possessed the gun, not whether he was arrested when the agents say they found the gun. Johnson's identity is not at issue.

9

Johnson's earlier actions do not tend to prove that Johnson had knowledge that the gun was in the bag. Casing a bank on previous days tends to show only that Johnson had knowledge of the bank and how to get there. There is no evidence that Johnson possessed a gun on May 26 and 29, 2007. Thus, his knowledge of the gun cannot be supported by any prior acts on May 26 and 29, 2007.

The prosecution contends that "Johnson's movements in Sunnyvale on May 25, May 29 and May 30 [2007] in and around the Wells Fargo Bank parking lot and in and around the parking lot where he was ultimately arrested" are "probative of, among other things, motive…" While Johnson's actions might reflect motive if Johnson were charged with conspiracy to commit bank robbery, the crime here is felon in possession of a gun. Here, the prosecution equates motive and means. While a gun may be a means for robbing banks, it is not the motive.

Johnson's movements on May 26 and 29, 2007 might show some preparation or plan to rob a bank, but do not show motive for being a felon in possession on May 30, 2007.

The motive for robbing banks, presumably, is to obtain money for some purpose. Although there is evidence that Johnson visited card clubs on May 26 and 29, 2007, there is no evidence that he suffered gambling losses those days that would have created a motive for him to rob banks.

Accordingly, evidence of surveillance of Johnson on May 26 and 29, 2007, is not admissible under F.R.E. 404(b).

**Evidence of the 2003 Robberies is Not Admissible**

The prosecution seeks "to introduce evidence of Johnson's prior bank robberies, including his statement in his 2003 proffer that he used masks in prior bank robberies." The prosecution believes that the "prior crimes are probative of identity, among other matters..."

Again, the prosecution's theory of admissibility of prior convictions is not applicable to the crime charged. Johnson is charged with gun possession, not bank robbery. There is no dispute about the identity of the people in the SUV where the gun was found. Both Johnson and Kang appear to have been under constant surveillance by the FBI before they were arrested.

Moreover, the defense will stipulate that Johnson is prohibited from lawful possession of a gun because of a prior felony conviction.

The prior bank robberies are not material to any element of the crime of felon with a gun or any matter put at issue by the defense.

Even if Johnson were charged with bank robbery, the prior robberies would still not be admissible to show identity. Several Circuit Courts have excluded evidence of prior robberies where the shared characteristics were armed robbers, wearing masks, where one

11

or more vaulted over the counter to put the bank's money in a bag. U.S. v. Carroll, 207 F.3d 465, 469 (8th Cir. 2000) cert. denied 531 U.S. 849 ("the[se] signature facts relied upon by the government in this case occur frequently, even in combination."). U.S. v. Ezzell, 644 F.2d 1304, 1306 (9th Cir. 1981) (points of similarity between two robberies "were ones which are so common to most bank robberies as to be entirely unhelpful. The conduct was not sufficiently 'peculiar, unique or bizarre,' (citation omitted), nor was it so unusual or distinctive as to constitute Ezzell's personal 'signature' on each crime.)

    Bank robberies like Johnson's priors lack the "signature quality" required for admissibility to prove identity. U.S. v. Gutierrez, 696 F.2d 753, 755 (10th Cir. 1982) cert. denied 461 U.S. 909.

    Use of a prior conviction to raise the inference that the defendant is disposed to commit the current charge is forbidden. U.S. v. Powell, 587 F.2d 443, 448 (9th Cir. 1978). The risk of undue prejudice from a jury considering a prior conviction as evidence of bad character is especially great when there are similarities between the prior offense and the current charge. U.S. v. Mayhew, 380 F. Supp. 2d 915, 932 (S.D. Oh. 2005).

    Further, at least one court has ruled that a prior armed robbery conviction is not admissible under F.R.E. 404(b) to prove

constructive possession of a firearm.  <u>U.S. Mooney</u>, 788 F. Supp 592, 596 n.6 (D.D.C. 1992).

**The Other Evidence Seized is Not Relevant to the Charge**

Other items seized when Johnson was arrested and afterwards are not probative of whether Johnson constructively possessed the gun.

Those items include a mask in Kang's SUV, three masks at Johnson's girlfriend's residence, a list of addresses of banks, clothing, shoes and a receipt for the purchase of two Halloween masks.

These items are potentially relevant to show preparation for a bank robbery, but that is not the charge here.  As belabored earlier, the crime charged here is being a felon with a gun.

These items do not tend to prove constructive possession of the gun, but carry a grave danger that jurors will consider them as showing defendant's bad character or propensity to commit bank robbery.

There is no question that given the circumstances under which Johnson was arrested, admission of these items suggests that Johnson was involved in planning a bank robbery.  None of these items show ownership or possession of the gun, however.

Admission of this evidence creates the risk then that the jury will convict for crimes other than those charged or because of antipathy towards the defendant.  This is precisely the undue

13

prejudice F.R.E. 403 prohibits, particularly when the probative value about the crime charged is low. See <u>Old Chief v. U.S.</u>, 519 U.S. 172, 181 (1997).

Similarly, Johnson's purported statement to the agents the day after his arrest that he thought about "going for it" creates enormous prejudice in comparison to its minimal probative value. The statement suggests that Johnson thought about shooting the agents, which unquestionably will produce ill will among jurors towards the defendant to his prejudice.

This prejudice is not material to the gun possession charge. Whatever probity the statement has regarding knowledge of the presence of the gun is far outweighed by its inflammatory nature.

**The Undue Prejudice from the Items at Issue Outweigh Their Probative Value under F.R.E. 403**

The only disputed issue is whether Johnson constructively possessed the firearm found in the bag in Kang's SUV on the passenger side floorboard.

Neither the evidence of other acts, nor the evidence that suggests a plan to rob banks, carries nearly the probative weight of the observation of Johnson carrying a bag to the SUV and the recovery of that bag on the passenger side floor with the gun inside.

In contrast, the evidence of other acts, the masks, lists of bank addresses, receipts and the defendant's statements each

14

results in prejudice that is not related to any element of the crime of felon in possession of a gun. This is impermissible under F.R.E. 403.

Even a "reference to prior incarceration presents the classic danger of undue prejudice-that the jury may decide guilt based on the fact that the defendant has a prior conviction." U.S. v. Wesley, 417 F.3d 612, 622 (6th Cir. 2005).

The fact that Johnson was under surveillance on May 30, 2007, a fact that does not tend to prove any element of the crime, creates undue prejudice. See U.S. v. Bland, 908 F.2d 471, 473 (1990) (facts of underlying arrest warrant had no significant probative value and unfairly prejudiced the defendant.)

Because each of the items listed creates undue prejudice that substantially outweighs its probative value, that evidence should be excluded under F.R.E. 403.

**CONCLUSION**

For the above reasons, defendant moves the Court to exclude for evidence any testimony concerning the above matters.

Dated: August 3, 2007            Respectfully submitted,


                                 _____
                                 Randall Knox
                                 Attorney for Frederick Lim Johnson

15

PROOF OF SERVICE BY PERSONAL DELIVERY

U.S. v. Frederick Lim Johnson                No. CR-07-0371 CRB

I, the undersigned, declare: I am a citizen of the United States, over the age of eighteen years and am not a party to the within action. My business address is 870 Market Street, Suite 1152, San Francisco, CA 94102. I served a true copy of the attached M**OTION IN LIMINE TO EXCLUDE EVIDENCE UNDER F.R.E. 403** upon the below named persons at the address given below by personal service on August 3, 2007.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed in the City and County of San Francisco, CA on the date next given below.

**Drew Caputo, Esq.**
**Assistant U.S. Attorney**
**450 Golden Gate Ave, 11th Floor**
**San Francisco, CA 94105**

Dated: August 3, 2007

_____
Randall Knox

16