SCOTT N. SCHOOLS (SC 9990)
United States Attorney

W. DOUGLAS SPRAGUE (CSBN 202121)
Acting Chief, Criminal Division

ANDREW P. CAPUTO (CSBN 203655)
TRACIE L. BROWN (CSBN 188349)
Assistant United States Attorneys

   450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102-3495
   Telephone: (415) 436-7004
   FAX: (415) 436-7234
   Email: andrew.caputo@usdoj.gov
   Email: tracie.brown@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>   v.<br><br>FREDERICK LIM JOHNSON,<br><br>    Defendant. | No. CR 07-0371 MJJ<br><br>UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION IN LIMINE<br><br>Date: August 9, 2007<br>Time: 3:00 p.m. |

**TABLE OF CONTENTS**

I. Defendant's Prior Convictions. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

   A. Defendant's Prior Bank Robbery Methods are Properly Admitted under Rule 404(b). . . 1

   B. There Would Be No Unfair Prejudice From Admitting the Evidence About Johnson's Prior Bank Robbery Methods, and Certainly None That Substantially Outweighs the Evidence's Strong Probative Value. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II. Surveillance of the Defendant Prior to His Arrest. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

   A. The Surveillance Evidence is Inextricably Intertwined With the Charged Offense. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

   B. The Surveillance Evidence is Properly Admitted Under Rule 404(b). . . . . . . . . . . . . . 5

   C. The Surveillance Evidence Is Properly Admitted Under Rule 403. . . . . . . . . . . . . . . 6

III. The Mask and Other Items Seized from the SUV, Other Than the Gun and the Bag. . . . . . 7

IV. Items Seized from Two Vehicles. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

V. Items Seized from the Apartment Shared by Defendant and Defendant's Girlfriend. . . . . . . 8

VI. Evidence of Prior Bank Robberies, Charged or Uncharged. . . . . . . . . . . . . . . . . . . . . . . . 8

VII. The Statement Defendant Gave to Special Agent Price in 2003. . . . . . . . . . . . . . . . . . . . 9

VIII. Defendant's Statements About Shooting At the Agents When They Sought to Arrest Him . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

IX. Evidence of Defendant's Purchase of Masks. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

**TABLE OF AUTHORITIES**

**FEDERAL CASES**

*Dowling v. United States*, 493 U.S. 342 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Huddleston v. United States*, 493 U.S. 342 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*United States v. Bailleaux*, 685 F.2d 1105 (9th Cir. 1982) . . . . . . . . . . . . . . . . . . . . . 2, 3

*United States v. Bland*, 908 F.2d 471 (9th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Carrasco*, 257 F.3d 1045 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . 6

*United States v. Collins*, 90 F.3d 1420 (9th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*United States v. Daly*, 974 F.2d 1215 (9th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

*United States v. Emeron Taken Alive*, 262 F.3d 711 (8th Cir. 2001) . . . . . . . . . . . . . . . 3

*United States v. Fortenberry*, 971 F.2d 717 (11th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . 5

*United States v. Gonzalez*, 110 F.3d 936 (2d Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . 4, 5

*United States v. Guyton*, 36 F.3d 655 (7th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*United States v. Hicks*, 368 F.3d 801 (7th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*United States v. Jacobs*, 44 F.3d 1219 (3d Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . 6, 9

*United States v. Johnson*, 820 F.2d 1065 (9th Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . 3

*United States v. Joy*, 192 F.3d 761 (7th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*United States v. Morgan*, 936 F.2d 1561 (10th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . 2, 9

*United States v. Von der Linden*, 561 F.2d 1340 (9th Cir. 1977) . . . . . . . . . . . . . . . . . . 3

Defendant Frederick Lim Johnson has filed a motion in limine in which he seeks to exclude nine different categories of evidence. Def. Mot. at 3-4. Taking these categories together, defendant apparently seeks to exclude (a) all testimony in this case except testimony about the moment of defendant's arrest and (b) all physical evidence except for the gun and the bag in which the gun was found. The United States respectfully opposes this motion and addresses below each of defendant's nine categories of evidence.

I.  Defendant's Prior Convictions.

Other than stipulating to the fact that he has suffered an unspecified felony conviction, defendant seeks an order barring admission of all evidence concerning his past crimes. The United States opposes this request, since at least one aspect of defendant's criminal history is highly probative of whether he possessed the firearm charged in the indictment. Defendant committed a series of armed bank robberies between 2001 and 2003 in which he bought and used costume masks in order to conceal his and his accomplices' faces from bank surveillance cameras. On May 30, 2007, the firearm at issue in the instant case was found in a bank robbery kit that contained, among other things, a costume mask just like the ones defendant used during his series of bank robberies in 2001-2003. See United States' Mot. in Limine ("Gov't Mot.") at 3 (describing bank robbery kit), 8-10 (explaining why prior robbery methods should be admitted).

    A.  Defendant's Prior Bank Robbery Methods are Properly Admitted under Rule 404(b).

The United States previously notified defendant's counsel that it intended to introduce evidence of the prior bank robberies pursuant to Rule 404(b), since the commonality in the masks is probative of the identity of the person who possessed the firearm that was contained in the bag with the mask. While defendant's motion claims (at 11) that identity is not an issue in this case, elsewhere the motion admits that "[t]he defense will contest whether Johnson possessed the gun ... ." Def. Mot. at 9. Thus, the identity of the person who possessed the firearm found in the bag is very much at issue. A jury could conclude that since Johnson previously used masks just like the one found in the bag, Johnson was the person who possessed the gun found in the same bag. Accordingly, Johnson's prior methods of robbing banks should be admitted under Rule 404(b) as

1 probative of the identity of the person who possessed the firearm.

2 Defendant errs by arguing (at 11-12) that the characteristics of Johnson's prior bank robberies are insufficiently distinctive to justify admission of those robberies on the issue of identity. As the Court can see by viewing the photographs attached as exhibits to the first Declaration of Brian J. Guy,[1] the Halloween-type masks used in Johnson's prior robberies and found in the bag at Johnson's feet on May 30, 2007, are both distinctive and so similar as to be virtually identical. Special Agent Guy, the FBI's bank robbery coordinator in San Francisco (who also is the lead agent assigned to this case), attests that it is "quite rare" for a bank robber to use the Halloween-type mask at issue here. 2d Declaration of Brian J. Guy ¶ 4 (filed herewith). In United States v. Morgan, 936 F.2d 1561, 1571-73 (10th Cir. 1991), the Tenth Circuit upheld admission of prior robberies in which distinctive masks were used, as proof of the identity of the people using the same type of masks during the robberies that were charged in Morgan. Given the similarly distinctive masks at issue here, this Court should reach the same result as the Morgan court and admit the prior-robbery evidence under Rule 404(b).

### B. There Would Be No Unfair Prejudice From Admitting the Evidence About Johnson's Prior Bank Robbery Methods, and Certainly None That Substantially Outweighs the Evidence's Strong Probative Value.

The balancing test under Federal Rule of Evidence 403 also favors admission of Johnson's prior bank robbery methods. Those robbery methods are probative of the identity of the person who possessed the gun, for the reasons described above. The evidence's significant probative value is not substantially outweighed by any danger of unfair prejudice, as it would have to be in order to justify exclusion under Rule 403.

Unfair prejudice means that the evidence "provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged." United States v. Bailleaux, 685 F.2d 1105, 1111 (9th Cir. 1982). Evidence is not unfairly prejudicial simply because it tends to

---

[1] Declaration of Brian J. Guy in Support of the United States' Motion in Limine Concerning Inextricably Intertwined Evidence and Other Acts, filed as Dkt. # 28.

UNITED STATES' OPP. TO DEF. MOT. IN LIMINE
CR 07-0371 MJJ                                2

1  convince the jury of the defendant's guilt.  It is only when the evidence moves the jury on a basis

2  unrelated to the merits of the case that it is prejudicial.  Id.  In fact, the Ninth Circuit has noted

3  that since most evidence has some prejudicial impact,[2] merely prejudicial evidence alone does

4  not result in exclusion under Rule 403.  Before evidence may be excluded, Rule 403 and Ninth

5  Circuit case law require that any prejudice <u>substantially</u> outweigh the probative value of the

6  evidence.  See Fed. R. Evid. 403; Bailleaux, 685 F.2d at 1111.

7       Here, the evidence of Johnson's prior bank robbery methods is prejudicial to him, in the

8  sense that it should render a jury more likely to conclude that the bag and its contents (including

9  the gun) were his.  But there is nothing unfair about this prejudice.  Defendant suggests (at 12)

10 that the purpose of introducing the prior-robberies evidence would be "to raise the inference that

11 the defendant is disposed to commit the current charge . . ."  That is not the purpose.  The

12 purpose is to show the identity of the person possessing the bag.  Moreover, defendant's concern

13 about suggesting predisposition can be addressed by reading the jury the limiting instruction

14 contained at 9th Cir. Crim. Jury Instr. 4.3, which would caution the jury to consider the evidence

15 of defendant's prior robberies only on the question of the identity of the possessor of the gun and

16 for no other purpose.

17      Defendant suggests (at 14) that the evidence of prior robbery methods should be excluded

18 because the government can introduce other evidence of possession that is more probative.  That

19 novel suggestion finds no support in the caselaw.  As a matter of law, the United States is not

20 limited to introducing only its most probative evidence of possession.  So long as evidence is

---

[2] United States v. Von der Linden, 561 F.2d 1340 (9th Cir. 1977) (per curiam) ("It is the hallmark of criminal prosecutions that relevant incriminating evidence prejudices a defendant."), cert. denied, 435 U.S. 974 (1978); see also United States v. Johnson, 820 F.2d 1065, 1069 (9th Cir. 1987) ("Prejudice will always arise upon the admission of evidence of a defendant's criminal conduct."); see also United States v. Hicks, 368 F.3d. 801, 806-07 (7th Cir. 2004) (noting because "most relevant evidence, by its very nature, is prejudicial, only unfairly prejudicial evidence must be excluded"); United States v. Emeron Taken Alive, 262 F.3d 711, 714 (8th Cir. 2001) (noting "evidence is not unfairly prejudicial merely because it hurts a party's case"); United States v. Guyton, 36 F.3d 655, 660 (7th Cir. 1994) ("It is axiomatic that all relevant evidence bearing on the guilt of the defendant is inherently prejudicial.").

UNITED STATES' OPP. TO DEF. MOT. IN LIMINE
CR 07-0371 MJJ                           3

1  relevant to possession (and thus probative) and so long as its probativeness is not <u>substantially</u>
2  outweighed by <u>unfair</u> prejudice, we are entitled to introduce it.  And as a factual matter, the
3  evidence of defendant's prior robbery methods is substantially more probative than defendant
4  suggests on the question of who possessed the gun, given the presence of the costume mask in
5  the bag where the gun was found.
6      For all these reasons, we respectfully ask the Court to deny defendant's motion to exclude
7  from evidence the prior bank robberies committed by defendant.
8  II.    <u>Surveillance of the Defendant Prior to His Arrest.</u>
9      Defendant seeks to exclude the surveillance that took place in the days leading up to his
10  arrest, arguing that it is not inextricably intertwined with the charged offense and also is not
11  admissible under Rule 404(b).
12      A.    <u>The Surveillance Evidence is Inextricably Intertwined With the Charged Offense.</u>
13      As we argued in detail in our limine motion (at 3-6), defendant's visits to the Wells Fargo
14  Bank in the days prior to his arrest are closely tied to his possessing a gun at the time of his
15  arrest, since a jury could reasonably conclude that he was scouting the bank for robbery and that
16  he possessed the gun on May 30 in order to rob the bank he had scouted.  Johnson's suspicious
17  movements in the bank parking lot on the day of his arrest and in the days prior to his arrest are
18  necessary to give the jury the accurate context for the act of firearm possession charged in the
19  indictment, to explain (among other things) <u>why</u> he possessed a gun that day.
20      The caselaw supports admission of contextual evidence such as the surveillance evidence
21  here, especially in felon-in-possession cases.  As we explained in our limine motion (at 4-6),
22  <u>United States v. Daly</u>, 974 F.2d 1215 (9th Cir. 1992), and <u>United States v. Collins</u>, 90 F.3d 1420,
23  1428 (9th Cir. 1996), strongly support admission of the surveillance evidence as inextricably
24  intertwined with the charged crime and necessary to explain why defendant was in possession of
25  a gun on May 30.  Defendant cites neither case in his motion.
26      The body of supportive caselaw extends beyond <u>Daly</u> and <u>Collins</u>.  In <u>United States v.</u>
27  <u>Gonzalez</u>, 110 F.3d 936, 941-43 (2d Cir. 1997), a felon-in-possession case, the Second Circuit
28  upheld a district court's admission of evidence about an attempted burglary at the some location

UNITED STATES' OPP. TO DEF. MOT. IN LIMINE
CR 07-0371 MJJ                                              4

and around the same time that the defendants were charged with possessing firearms. The Second Circuit held the burglary evidence "relevant both as a possible motive for the defendants' possession of firearms and to provide crucial background evidence that gave coherence to the basic sequence of events that occurred on the night of [the arrest]." Gonzalez, 110 F.3d at 942. In United States v. Fortenberry, 971 F.2d 717, 721 (11th Cir. 1992), also a felon-in-possession case, the Eleventh Circuit endorsed the admission of evidence linking Fortenberry to a double murder in order to allow the government to explain how Fortenberry came into possession of a shotgun. The court held that "the murder evidence was an integral part of the circumstances surrounding Fortenberry's illegal possession of the shotgun, and was reasonably necessary to complete the story of the crime." Fortenberry, 971 F.2d at 721.

This chain of caselaw squarely supports admission of the surveillance evidence here for the precise reasons we wish to introduce it: To explain why Johnson possessed the charged firearm and how the FBI and Johnson came to be at the location where Johnson was stopped and arrested. As Daly holds, the government "is not restricted to proving in a vacuum the offense of possession of a firearm by a felon" but instead is entitled to tell the jury the circumstances and background of the charge. Daly, 974 F.2d at 1217. To allow us to do so here, the Court should hold that the surveillance evidence is inextricably intertwined with the charged offense and should deny defendant's motion to exclude this evidence.

      B.     The Surveillance Evidence is Properly Admitted Under Rule 404(b).

Even if the Court were to determine that the surveillance evidence is not inextricably intertwined with the charged offense, the Court could and should admit this evidence under Rule 404(b) as evidence of defendant's motive, plan, preparation, and identity. From the surveillance evidence, a jury could conclude that defendant was preparing and planning to rob the Wells Fargo Bank. That agenda would give defendant a motive to possess the firearm charged in the indictment. Defendant's casing of the bank also is evidence of the identity of the individual who possessed the gun found in the white SUV on May 30, since it was defendant (and not anyone else) who scouted the bank during the previous days.

Defendant argues that the surveillance evidence cannot be admitted as evidence of motive

because (he says) "[w]hile a gun may be a means for robbing banks, it is not the motive." Def. Mot. at 10. Defendant has our motive argument exactly reversed. We do not argue that the gun is the motive for robbing a bank. Instead, we argue that defendant's plan to rob the bank (as shown by his repeated scouting of the bank) is the motive for possessing the gun charged in the indictment, since possessing a gun is very useful for robbing a bank.

The caselaw supports the admission of Rule 404(b) evidence in just such circumstances. In <u>United States v. Carrasco</u>, 257 F.3d 1045, 1048-49 (9th Cir. 2001), a felon-in-possession case, the Ninth Circuit affirmed under Rule 404(b) this Court's admission of plastic baggies and a scale with narcotics residue as probative of Carrasco's knowing possession of a revolver, bullets, and shotgun shells. Likewise, Johnson's scouting of the Wells Fargo Bank is probative of both his motive and knowing possession of the gun in the bag at his feet. In <u>United States v. Joy</u>, 192 F.3d 761, 768 (7th Cir. 1999), another felon-in-possession case, the Seventh Circuit affirmed the district court's admission under Rule 404(b) of testimony about Joy committing a burglary earlier on the evening of his arrest for possessing a gun, since "[t]he evidence of Joy's involvement with a burglary earlier in the evening was relevant to showing that he knowingly possessed a gun and had a motive for the possession." In <u>United States v. Jacobs</u>, 44 F.3d 1219, 1225 (3d Cir. 1995), also a felon-in-possession case, the Third Circuit held that evidence Jacobs sold drugs before pulling out the revolver he was charged with possessing "was admissible under Rule 404(b) to show that the defendant had a motive for carrying a firearm." The surveillance evidence here falls squarely into this line of cases admitting evidence concerning motive in section 922(g) cases.

In addition to being probative of motive, the surveillance evidence also is admissible as evidence of plan and preparation, since it shows that defendant was planning and preparing to rob the bank (for which possessing a loaded .380 semi-automatic firearm would be quite useful). Finally, the evidence is admissible for purposes of showing the identity of the firearm possessor, for the reasons described in the above subsection on "inextricably intertwined" evidence.

    C.    <u>The Surveillance Evidence Is Properly Admitted Under Rule 403.</u>

The Court should reject defendant's arguments under Rule 403 concerning the

surveillance evidence. That evidence plainly is probative, since it explains why defendant would possess a firearm in Sunnyvale on May 30. Defendant has failed to show how admission of this evidence would create <u>undue</u> prejudice that <u>substantially</u> outweighs the evidence's probative value. <u>United States v. Bland</u>, 908 F.2d 471, 473 (9th Cir. 1990), a felon-in-possession case cited by defendant (at 15), is readily distinguishable, since the evidence at issue there lacked significant probative value and also led the jury "to believe that acquitting the defendant may mean releasing an exceedingly dangerous child molester and killer into the community."

III.     <u>The Mask and Other Items Seized from the SUV, Other Than the Gun and the Bag.</u>

Defendant claims that the mask, gloves, and knit cap found in the same bag with the charged gun are either not relevant or, if relevant, would cause "undue prejudice" if admitted. These items are patently relevant to the question of possession of the gun found in the same bag, for three reasons. First, a jury could conclude that the bag and its contents were a bank robbery kit, which would explain why defendant possessed a gun that day. Second, the jury could conclude that if an item contained in the bag other than the gun was possessed by defendant, then the gun contained in the bag was also possessed by defendant. For example, there is strong evidence that defendant bought and possessed the mask found in the bag, because an identical mask and the receipt for two such masks were found in his apartment after his arrest. A jury reasonably could conclude that since the mask was defendant's, the gun contained in the same bag was also defendant's. Third, it is impossible to understand how defendant can concede that the bag is relevant but argue that everything contained in the bag, other than the charged gun, is irrelevant.

Defendant's conclusory argument of "undue prejudice" from the admission of the contents of the leather bag is without basis.

IV.     <u>Items Seized from Two Vehicles.</u>

Defendant seeks to exclude any items seized from his car or his girlfriend's car "that do not show ownership or possession of the firearm." Def. Mot. at 3. The Court should deny this motion, if for no other reason than because it is impossibly vague. Obviously the United States will not seek to introduce irrelevant evidence at trial. But evidence that is relevant to the

UNITED STATES' OPP. TO DEF. MOT. IN LIMINE
CR 07-0371 MJJ                                                     7

1  question of possession may take different forms.  For example, in section V below we describe
2  evidence relevant to possession that was recovered from the apartment shared by defendant and
3  his girlfriend.  Defendant's motion seems to suggest that he will contest whether he lived at this
4  apartment.  Thus, the United States likely will introduce evidence showing that defendant lived
5  there, and some of that evidence was recovered from defendant's car.  Because one or more of
6  the cars yielded relevant evidence, and because defendant does not specify exactly what evidence
7  he seeks to have excluded, the Court should deny defendant's motion.

8  V.    Items Seized from the Apartment Shared by Defendant and Defendant's Girlfriend.

9      Defendant seeks to exclude all items seized from the apartment shared by him and his
10 girlfriend.  But items seized from the apartment plainly are relevant evidence in this case.  Two
11 examples will illustrate why.  First, agents who searched the apartment found a bag that
12 contained a mask identical to the one found in the bag in the SUV with the charged gun, along
13 with a receipt from a local costume store consistent with the purchase of two masks less than a
14 week earlier.  Second, the officers found in the apartment a list of addresses for banks, along with
15 a map.  The relevance – or at least potential relevance – of these items is obvious and warrants
16 denial of defendant's motion in this regard.  Defendant's brief, conclusory argument about
17 "undue prejudice" from admission of the items found in the apartment lacks basis.

18 VI.   Evidence of Prior Bank Robberies, Charged or Uncharged.

19     Defendant seeks to exclude evidence of prior bank robberies where he "was or is a
20 suspect, either charged or uncharged." Def. Mot. at 3.  We discussed above why the bank
21 robberies from 2001 to 2003 should be admitted into evidence, and we incorporate that
22 discussion here.

23     Defendant is also suspected of committing eight bank robberies between February and
24 May 2007, in which multiple armed men robbed the banks with their faces usually concealed
25 behind the same type of costume mask that was used by defendant in the 2001-2003 robberies,
26 that was found in the bag with the firearm charged in the indictment, and that was found in
27 defendant's apartment after his arrest.  For the reasons already described, it would be proper
28 under Rule 404(b) to admit evidence of these 2007 robberies as probative of possession of the

UNITED STATES' OPP. TO DEF. MOT. IN LIMINE
CR 07-0371 MJJ                                                8

1    firearm, given the commonality between the mask found in the bag with the firearm and the
2    masks at issue in the 2007 robberies.  Defendant has not yet been charged in the 2007 robberies,
3    but that fact does not affect the admissibility of that robbery evidence in this trial for the purposes
4    of showing possession of the firearm and/or motive for possession of the firearm.  Under the
5    terms of Rule 404(b), an act need not be a crime, charged or otherwise, in order to be
6    admissible.[3]

7         At this time, though, the United States does not intend to present evidence concerning the
8    eight 2007 robberies at this trial.  If our position changes, we would of course notify the Court
9    and defendant as quickly as possible and seek a ruling on admissibility before offering the
10   evidence.  Accordingly, we ask the Court to deny defendant's motion to exclude at this time,
11   subject to revisiting the motion if the United States seeks to introduce evidence about the 2007
12   robberies.

13   VII.    The Statement Defendant Gave to Special Agent Price in 2003.

14        Defendant seeks to exclude the statement defendant gave to FBI Special Agent Derek
15   Price in 2003 about his methods of robbing banks, including his use of face masks he purchased
16   from a costume store.  Def. Mot. at 3.  See also Gov't Mot. at 3 (describing statement).  This
17   statement is part and parcel of the other evidence about defendant's prior methods of robbing
18   banks.  In section I above, we discussed in detail the admissibility of that evidence, and we
19   incorporate that discussion here.

20   VIII.    Defendant's Statements About Shooting At the Agents When They Sought to Arrest Him.

21        On the morning after his arrest, while FBI agents were transporting and processing him

---

[3] See also Huddleston v. United States, 493 U.S. 342 (1990) (other act evidence is relevant in 404(b) context "if the jury can reasonably conclude that the act occurred and that the defendant was the actor").  Indeed, the Supreme Court has upheld the admission of evidence under Rule 404(b) concerning an alleged crime that the defendant had previously been acquitted of committing.  Dowling v. United States, 493 U.S. 342 (1990).  See also Jacobs, 44 F.3d at 1225 (admitting evidence of uncharged drug sales in order to show motive for possessing charged firearm); Morgan, 936 F.2d at 1572 (admitting evidence of uncharged bank robbery that occurred several weeks before the robbery for which Morgan was being prosecuted).

UNITED STATES' OPP. TO DEF. MOT. IN LIMINE
CR 07-0371 MJJ                                  9

for his initial appearance in federal court, defendant made statements that are probative of his possession of the charged firearm. He suggested he would have shot at the agents during the arrest the previous day, saying to the agents: "You guys should have shot me yesterday. I would have gone for it, but didn't because I didn't want Edward to get hurt."[4] Later that same morning he amended this statement by saying: "After thinking about what went down yesterday, you know me, I don't think I would have done anything, I'm not a shooter." From these statements, a jury could conclude that defendant possessed the firearm, since one needs to have a gun in order to be a "shooter." These statements thus are probative of defendant possessing the firearm charged in the indictment.

Defendant moves to exclude these statements under Rule 403, arguing that what he calls their "minimal probative value" would be outweighed by what he claims is the "enormous prejudice" they would create. Def. Mot. at 14. The United States disagrees with all aspects of this analysis. First, the statements are extremely probative of possession, since a person usually does not talk about whether he should have shot a gun unless he did, in fact, have a gun. Moreover, the statement strongly suggests that defendant – as opposed to Edward Kang – possessed the gun, since a jury reasonably could infer that defendant was referring to Kang essentially as a bystander. Second, any prejudice caused by admitting the statements is fair rather than unfair. A jury could conclude from the statements that Johnson was acknowledging he had a gun, since he was talking about whether he should have fired it. There is nothing unfair about this prejudice. Indeed, it goes to the central issue of the case, the question of whether defendant possessed the gun. Third, it is speculative for defendant to mechanically assume that jurors would bear irrational "ill will" toward defendant because of his suggestion about shooting at the agents. Especially since defendant amended his first statement, in order to assure the agents that he really wouldn't have shot them, it seems likely that jurors would not have an irrational reaction to what defendant said. Finally, the probative value of the statements far outweighs any

---

[4] The "Edward" that defendant refers to is Edward Kang, the driver of the SUV at the time defendant was arrested. See Gov't Mot. at 2-3.

UNITED STATES' OPP. TO DEF. MOT. IN LIMINE
CR 07-0371 MJJ                                    10

risk of prejudice that might exist, because the statements go directly to the possession question that is at the heart of this case. For these reasons, the Court should deny defendant's request to exclude these statements.

IX.     Evidence of Defendant's Purchase of Masks.

Finally, defendant asks the Court to exclude "any evidence concerning the purchase of masks by the defendant," apparently because he deems the evidence irrelevant. Def. Mot. at 4, 13. But the masks plainly are relevant to possession of the charged firearm, since the firearm was found in a bag with a mask, and an identical mask was found in a bag in defendant's apartment, along with a receipt from a costume store showing the purchase of two masks six days before his arrest. The Court should deny defendant's request to exclude this evidence.

## CONCLUSION

For the foregoing reasons, the United States respectfully asks this Court to deny each of defendant's requests to exclude evidence.

DATED: August 7, 2007            Respectfully submitted,

                                 SCOTT N. SCHOOLS
                                 United States Attorney


                                 _____/s/_____
                                 ANDREW P. CAPUTO
                                 TRACIE L. BROWN
                                 Assistant United States Attorneys