SCOTT N. SCHOOLS (SC 9990)
United States Attorney

BRIAN J. GUY (CSBN 163973)
Chief, Criminal Division

ANDREW P. CAPUTO (CSBN 203655)
TRACIE L. BROWN (CSBN 188349)
Assistant United States Attorneys

   450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102-3495
   Telephone: (415) 436-7004
   FAX: (415) 436-7234
   Email: andrew.caputo@usdoj.gov
   Email: tracie.brown@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 07-0371 MJJ |
| Plaintiff, | UNITED STATES' PROPOSED TEXT OF JURY INSTRUCTIONS |
| v. | |
| FREDERICK LIM JOHNSON, | |
| Defendant. | |

Pursuant to the Court's order from the bench earlier today, the United States delivered to chambers this afternoon a floppy disk containing the following proposed jury instructions.

**1.1 DUTY OF JURY**

Ladies and gentlemen: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions. These are preliminary instructions. At the end of the trial I will give you more detailed instructions. Those instructions will control your deliberations.

You should not take anything I may say or do during the trial as indicating what I think

UNITED STATES PROPOSED JURY INSTRUCTIONS
CR 07-0371 MJJ                                                                1

1  of the evidence or what your verdict should be.

## 1.2 THE CHARGE—PRESUMPTION OF INNOCENCE

This is a criminal case brought by the United States government. The government charges the defendant with being a felon in possession of a firearm. The charge against the defendant is contained in the indictment. The indictment is simply the description of the charges made by the government against the defendant; it is not evidence of anything.

In order to help you follow the evidence, I will now give you a brief summary of the elements of the crime which the government must prove to make its case: First, that the defendant knowingly possessed a firearm; second, that the firearm had been shipped or transported from one state to another; third, at the time the defendant possessed the firearm, he had been convicted of a crime punishable by imprisonment for a term exceeding one year.

The defendant has pleaded not guilty to the charge and is presumed innocent unless and until proved guilty beyond a reasonable doubt. A defendant has the right to remain silent and never has to prove innocence or present any evidence.

## 1.3 WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which are to be received into evidence; and

(3) any facts to which all the lawyers stipulate.

## 1.4 WHAT IS NOT EVIDENCE

The following things are *not* evidence, and you must not consider them as evidence in deciding the facts of this case:

1. statements and arguments of the attorneys;
2. questions and objections of the attorneys;
3. testimony that I instruct you to disregard; and
4. anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

UNITED STATES PROPOSED JURY INSTRUCTIONS
CR 07-0371 MJJ                                         2

## 1.5 EVIDENCE FOR LIMITED PURPOSE

Some evidence is admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

## 1.6 DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact. You are to consider both direct and circumstantial evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

## 1.7 RULING ON OBJECTIONS

There are rules of evidence which control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence which I told you to disregard.

## 1.8 CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.     the opportunity and ability of the witness to see or hear or know the things

       testified to;

  2.    the witness's memory;

  3.    the witness's manner while testifying;

  4.    the witness's interest in the outcome of the case and any bias or prejudice;

  5.    whether other evidence contradicted the witness's testimony;

  6.    the reasonableness of the witness's testimony in light of all the evidence; and

  7.    any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

## 1.9 CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

Until the trial is over:

First, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately;

Second, do not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me simply give a signed note to the [bailiff] [clerk] [law clerk] [matron] to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

**1.10 NO TRANSCRIPT AVAILABLE TO JURY**

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript of the trial. I urge you to pay close attention to the testimony as it is given.

**1.11 TAKING NOTES**

If you wish, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note taking distract you so that you do not hear other answers by witnesses. When you leave, your notes should be left in the courtroom.

Whether or not you take notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

**1.12 OUTLINE OF TRIAL**

The next phase of the trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross-examine. Then, the defendant may present evidence and counsel for the government may cross-examine.

After the evidence has been presented, the attorneys will make closing arguments and I will instruct you on the law that applies to the case.

After that, you will go to the jury room to deliberate on your verdict.

**2.1 CAUTIONARY INSTRUCTION—FIRST RECESS**

We are about to take our first break during the trial and I want to remind you of the instruction I gave you earlier. Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately. Do not read or

listen to any news reports of the trial. Finally, you are reminded to keep an open mind until all the evidence has been received and you have heard the arguments of counsel, the instructions of the court, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the [marshal] [bailiff] [clerk] [matron] to give to me.

I will not repeat these admonitions each time we recess or adjourn, but you will be reminded of them on such occasions.

## 2.2 BENCH CONFERENCES AND RECESSES

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Most often these conferences will involve determination as to whether evidence is admissible under the rules of evidence. It is appropriate to take these matters up outside the presence of the jury. Should I conclude that a more prolonged discussion is necessary, I may excuse you from the courtroom.

We will, of course, do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

## 2.4 STIPULATIONS OF FACT

The parties have agreed to certain facts that have been stated to you. You should therefore treat these facts as having been proved.

## 2.10 OTHER CRIMES, WRONGS OR ACTS OF DEFENDANT

You are about to hear evidence of statements made by and other acts engaged in by the defendant. I instruct you that the testimony is being admitted only for the limited purpose of being considered by you on the question of the identity of the person or persons who possessed the gun, as well as the defendant's motive, preparation, plan, knowledge, or intent, and for no other purpose.

**3.0 COVER SHEET**

IN THE UNITED STATES DISTRICT COURT

_____ DISTRICT OF _____

| | |
|---|---|
| United States of America, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|  v. | ) |
| | ) |
| | )    No. _____ |
| | ) |
| _____, | ) |
| | ) |
|     Defendant. | ) |
| | ) |
| _____) | |

**JURY INSTRUCTIONS**

DATED: _____

                                      _____
                                      UNITED STATES DISTRICT JUDGE

**3.1 DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW**

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

**3.2 CHARGE AGAINST DEFENDANT NOT EVIDENCE—PRESUMPTION OF INNOCENCE—BURDEN OF PROOF**

The indictment is not evidence. The defendant has pleaded not guilty to the charge. The defendant is presumed to be innocent and does not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of the charge beyond a reasonable doubt.

**3.3 DEFENDANT'S DECISION NOT TO TESTIFY**

A defendant in a criminal case has a constitutional right not to testify.  No presumption of guilt may be raised, and no inference of any kind may be drawn, from the fact that the defendant did not testify.

**3.5 REASONABLE DOUBT—DEFINED**

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based

UNITED STATES PROPOSED JURY INSTRUCTIONS
CR 07-0371 MJJ                                              8

1 purely on speculation.  It may arise from a careful and impartial consideration of all the
2 evidence, or from lack of evidence.
3     If after a careful and impartial consideration of all the evidence, you are not convinced
4 beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not
5 guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you
6 are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the
7 defendant guilty.

### 3.6 WHAT IS EVIDENCE

9     The evidence from which you are to decide what the facts are consists of:
10     (1) the sworn testimony of any witness;
11     (2) the exhibits which have been received into evidence; and
12     (3) any facts to which all the lawyers have stipulated.

### 3.7 WHAT IS NOT EVIDENCE

14     In reaching your verdict you may consider only the testimony and exhibits received into
15 evidence. Certain things are not evidence and you may not consider them in deciding what the
16 facts are. I will list them for you:
17     1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses.
18 What they have said in their opening statements and closing arguments and at other times is
19 intended to help you interpret the evidence, but it is not evidence. If the facts as you
20 remember them differ from the way the lawyers state them, your memory of them controls.
21     2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their
22 clients to object when they believe a question is improper under the rules of evidence. You
23 should not be influenced by the question, the objection, or the court's ruling on it.
24     3. Testimony that has been excluded or stricken, or that you have been instructed to
25 disregard, is not evidence and must not be considered. In addition some testimony and
26 exhibits have been received only for a limited purpose; where I have given a limiting
27 instruction, you must follow it.
28     4. Anything you may have seen or heard when the court was not in session is not

UNITED STATES PROPOSED JURY INSTRUCTIONS
CR 07-0371 MJJ         9

evidence. You are to decide the case solely on the evidence received at the trial.

## 3.8 DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is indirect evidence, that is, proof of a chain of facts from which you could find that another fact exists, even though it has not been proved directly. You are to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

## 3.9 CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;
2. the witness's memory;
3. the witness's manner while testifying;
4. the witness's interest in the outcome of the case and any bias or prejudice;
5. whether other evidence contradicted the witness's testimony;
6. the reasonableness of the witness's testimony in light of all the evidence; and
7. any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

## 3.10 EVIDENCE OF OTHER ACTS OF DEFENDANT OR ACTS AND STATEMENTS OF OTHERS

You are here only to determine whether the defendant is guilty or not guilty of the charge in the indictment. Your determination must be made only from the evidence in the case. The defendant is not on trial for any conduct or offense not charged in the indictment. You should consider evidence about the acts, statements, and intentions of others, or evidence about other

acts of the defendant, only as they relate to this charge against this defendant.

## 3.18 POSSESSION—DEFINED

A person has possession of something if the person knows of its presence and has physical control of it; this is defined as actual possession.

Alternatively, a person has possession of something if the person knows of its presence and has the power and intention to control it; this is defined as constructive possession. Constructive possession means that there is a sufficient connection between the defendant and the firearm to support the inference that the defendant exercised a dominion and control over the firearm. Constructive possession may also be shown by proof that the defendant participated in a joint venture to possess the firearm.

In addition, more than one person can be in joint possession of something if each knows of its presence and has the power and intention to control it.

A showing of actual, constructive, or joint possession is sufficient to establish the possession element of a § 922(g) charge.

## 4.1 STATEMENTS BY DEFENDANT

You have heard testimony that the defendant made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which the defendant may have made it.

## 4.3 OTHER CRIMES, WRONGS OR ACTS OF DEFENDANT

You have heard evidence of statements made by and other acts engaged in by the defendant. You may consider that evidence only as it bears on the identity of the person or persons who possessed the gun, as well as the defendant's motive, preparation, plan, knowledge, or intent, and for no other purpose.

## 4.8 IMPEACHMENT EVIDENCE—WITNESS [IF KANG TESTIFIES]

You have heard evidence that [*witness*], a witness, [*e.g.* has been convicted of a felony, lied under oath on a prior occasion, *etc.*]. You may consider this evidence, along with other pertinent evidence, in deciding whether or not to believe this witness and how much weight to

UNITED STATES PROPOSED JURY INSTRUCTIONS
CR 07-0371 MJJ                                                                  11

1  give to the testimony of that witness.

## 4.17 OPINION EVIDENCE, EXPERT WITNESS

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for their opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

## 5.6 KNOWINGLY — DEFINED

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident.  The government is not required to prove that the defendant knew that his acts or omissions were unlawful.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

## 7.1 DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## 7.2 CONSIDERATION OF EVIDENCE

Your verdict must be based solely on the evidence and on the law as I have given it to

UNITED STATES PROPOSED JURY INSTRUCTIONS
CR 07-0371 MJJ                                       12

1  you in these instructions. However, nothing that I have said or done is intended to suggest what
2  your verdict should be—that is entirely for you to decide.

### 7.3 USE OF NOTES

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

### 7.4 JURY CONSIDERATION OF PUNISHMENT

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

### 7.5 VERDICT FORM

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the Court that you are ready to return to the courtroom.

### 7.6 COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing, or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

**8.59 FIREARMS—AMMUNITION—
UNLAWFUL POSSESSION
(18 U.S.C. § 922(g))**

The defendant is charged in the indictment with the possession of a firearm in violation of Section 922(g) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed a firearm;

Second, the firearm had been shipped or transported from one state to another; and

Third, at the time the defendant possessed the firearm, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year. The defendant stipulates that on August 6, 2003, the defendant was convicted of a crime punishable by imprisonment for a term exceeding one year.

DATED: August 15, 2007                    Respectfully submitted,

SCOTT N. SCHOOLS
United States Attorney


_____/s/_____
ANDREW P. CAPUTO
Assistant United States Attorney