```
Randall Knox, State Bar No. 113166
870 Market Street, Suite 1152
San Francisco, CA 94102
(415) 765-7500
Attorney for Frederick Lim Johnson
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR-07-0371 MJJ |
| Plaintiff, | **DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL OR NEW TRIAL UNDER F.R.Cr.P. 29** |
| v. | |
| FREDERICK LIM JOHNSON, | Date: September 13, 2007 |
| Defendant. | Time: 2:00 p.m. |
| | Courtroom: 11 |

**TO THE UNITED STATES ATTORNEY AND THE ABOVE COURT:**

The defendant, Frederick Lim Johnson, moves under F.R.Cr.P. 29 for judgment of acquittal or for a new trial. The defendant was found guilty on August 17, 2007 of violating 18 U.S.C. § 922(g)(1), being a felon in possession of a firearm.

This motion is based on the accompanying memorandum of points and authorities, the records and files in this case, the Declaration of Randall Knox filed under seal, and any evidence that may be adduced at the hearing on the motion.

Dated: August 26, 2007         Respectfully submitted,


                               _____/s/_____
                               Randall Knox
                               Attorney for Frederick Lim Johnson

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

**STATEMENT OF FACTS**

Defendant was charged by indictment with violating 18 U.S.C. § 922(g)(1), being a felon in possession of a firearm.

The prosecution introduced testimony that on May 30, 2007, Johnson was under surveillance by the Federal Bureau of Investigation for suspected bank robbery. FBI agents ordered Johnson from a car driven by Edward Kang and arrested Johnson and Kang at gunpoint.
A bag containing a gun and a Halloween mask was recovered from the car. An identical mask and a receipt for the purchase of two masks were found in an apartment where Johnson was suspected of residing.

There were no fingerprints or DNA results connecting the defendant to the gun.

The defense had obtained rulings from the court in limine to exclude, among other things, the admission of a handwritten list of addresses of banks that was found in the apartment and testimony that the defendant had been observed driving to other banks on earlier days. The Court ruled that testimony of earlier surveillance would be limited to May 30, 2007, the day Johnson was arrested, and May 26 and 29, 2007.

The court ruled during the prosecution's case that defense counsel had opened the door to the admission of that evidence on cross examination. The evidence was thereafter admitted.

2

Defense counsel also submits for in camera review a Declaration under seal listing an additional ground for a new trial.

**ARGUMENT**

Under F.R.Cr.P. 29(c)(1), a defendant may move for a judgment of acquittal or a new trial within seven days after a guilty verdict or the discharge of the jury, whichever is later. Under Rule 29(c)(3), the defendant is not required to move for judgment of acquittal before the case is submitted to the jury as a prerequisite for a subsequent motion after jury discharge.

<u>The Court Erred or Defense Counsel Was Ineffective in Admitting the List of Bank Addresses and the Testimony of Earlier Surveillance</u>

The Court ruled in limine that the list of bank addresses found in an apartment was not admissible as evidence by the prosecution. The Court also excluded evidence that the defendant had been under surveillance on May 25, 2007, when he drove in the vicinity of several banks.

The Court's exclusion of this evidence reflected a determination that the probative value of the evidence was substantially outweighed by the undue prejudice under F.R.E. 403.

During the prosecution's direct examination of FBI agent Michael Gurney, Gurney testified that he had been following Johnson in the vicinity of a bank on May 30, 2007, and that Johnson appeared to be "casing" the bank. On cross examination, defense

3

counsel inquired whether Johnson appeared to be casing a vacuum cleaner store that he had entered or another bank that Johnson had driven by on May 26, 2007.

The prosecution argued, and the Court ruled, that these questions permitted the prosecution to adduce evidence that on May 25, 2007, Johnson had driven by and "cased" eight other banks. That testimony was admitted during the prosecution's redirect examination over defense objection.

First, the defense submits that the Court erred in allowing the admission of testimony concerning the earlier surveillance on May 25, 2007.  Defense counsel's cross examination was narrowly tailored to show the inherent bias in Agent Gurney's perceptions and testimony concerning matters that the Court had already ruled it would admit, i.e., the surveillance of May 26, 2007.

In the alternative, the defense submits that counsel failed to adequately represent his client by opening the door to evidence that had previously been excluded.

Similarly, the Court had excluded from evidence, under F.R.E. 403, a list of addresses of banks that was found in the apartment belonging to defendant's girlfriend.

During the prosecution's direct examination of Agent Brian Guy, the prosecution elicited testimony that Agent Guy searched the apartment for a "robbery kit" and other evidence related to bank

4

robberies. Agent Guy seized clothing, correspondence and an address book suspected of belonging to the defendant.

On cross examination, defense counsel inquired whether Agent Guy had found any "robbery kits" during his search of the apartment. Over defense objection, the prosecution sought, and was granted, permission to introduce evidence that a list of bank addresses had been recovered in the apartment.

The admission of the list of bank addresses was error. The prosecution invited the defense to query about the connection between items sought during the search and items seized. Cross examination was limited deliberately to "robbery kits," that is, a combination of items contained together for use in a bank robbery. This should not have been deemed to open the door to an isolated item not contained within a "robbery kit."

In the alternative, defense counsel was ineffective in representing the defendant by opening the door to the previously excluded evidence of the list of bank addresses.

### The Prosecution Violated the Court's In Limine Ruling By Eliciting That the Gun Contained Hollow Point Bullets

Prior to jury selection, defense counsel made an oral motion in limine to exclude any mention of hollow point bullets that were contained in the gun. The Court granted that motion.

During the testimony of Agent Gurney, he mentioned that the gun contained hollow point bullets. Defense counsel objected and

5

the Court admonished the jury to disregard that portion of the testimony.

The defense submits that the inflammatory nature of hollow point bullets is such that the resulting prejudice could not be undone by a curative instruction. Accordingly, a new trial s warranted because of the violation of the Court's order of exclusion.

<u>The Evidence Was Not Sufficient to Support the Verdict</u>

The defense submits that the evidence was not sufficient to support the verdict and moves for a judgment of acquittal. There was no direct evidence that Johnson ever had dominion and control of the gun, or that Kang and Johnson jointly possessed the gun. There was no fingerprint, DNA or other evidence connecting the gun to Johnson. Given the absence of any witness to Johnson possessing the gun or the bag in which it was recovered, the evidence was insufficient to support the finding of guilt.

<u>Additional Grounds for a New Trial</u>

The defense has submitted for in camera review a Declaration of Randall Knox under seal that contains an additional ground for a new trial.

///

///

///

///

**CONCLUSION**

For the above reasons, defendant moves the Court for a judgment of acquittal or a new trial.

Dated: August 26, 2007          Respectfully submitted,


_____/s/_____
Randall Knox
Attorney for Frederick Lim Johnson

PROOF OF SERVICE BY PERSONAL DELIVERY

U.S. v. Frederick Lim Johnson          No. CR-07-0371 MJJ

I, the undersigned, declare: I am a citizen of the United States, over the age of eighteen years and am not a party to the within action. My business address is 870 Market Street, Suite 1152, San Francisco, CA 94102. I served a true copy of the attached **MOTION FOR JUDGMENT OF ACQUITTAL OR A NEW TRIAL UNDER F.R.Cr.P. 29** upon the below named persons at the address given below by personal service on August 26, 2007.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed in the City and County of San Francisco, CA on the date next given below.

> **Drew Caputo, Esq.**
> **Assistant U.S. Attorney**
> **450 Golden Gate Ave, 11th Floor**
> **San Francisco, CA 94105**

Dated: August 26, 2007

_____/s/_____
Randall Knox

8