1  JAMES PHILLIP VAUGHNS, State Bar #124040
   Law Offices of James Phillip Vaughns
2  6114 LaSalle Avenue, Ste. 289
   Oakland, California  94611
3  Telephone: 510-583-9622
   Facsimile: 510-531-5294
4
   Attorney for Defendant

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, CALIFORNIA,  Plaintiff, vs. FREDERICK LIM JOHNSON,  Defendant. | NO.: CR 07-0371 MJJ  **DECLARATION OF FREDERICK LIM JOHNSON IN SUPPORT OF MOTION FOR NEW TRIAL**  Date:  January 24, 2008 Time:  2:00 p.m. Hon. Martin J. Jenkins |

I, FREDERICK LIM JOHNSON, declare and state the following under penalty of perjury:

1. I am the defendant in the above-captioned action.

2. During the trial of this matter, I became aware of several actions on the part of my attorney which I believe are relevant and germane to the instant motion.

3. At several points during the trial, my attorney, Randall Knox, made comments to me that I believe the jury members heard. On one such occasion, Mr. Knox had finished questioning a government witness. He leaned over to me and stated, "Do you have anything else, because I'm through with this motherfucker?" I believe this statement was uttered in a loud fashion intentionally for the jury to hear. My belief is that Mr. Knox

wanted the jury to hear such objectionable language and attribute it to me. Whether he intended to undermine my chances of obtaining a favorable verdict to further his aspirations of becoming an Assistant United States Attorney is beyond my determination. However, I do believe his actions negatively affected the jury's assessment of me.

4. Additionally, Mr. Knox developed an annoying habit during the trial of shaking a container of what I believe to be TicTac candies. I was able to see that several members of the jury were distracted by the noise made by Mr. Knox's actions as they tended to frown and look at him as if to ascertain the origin of the noise.

5. While I cannot say that Mr. Knox intended to engineer a guilty verdict against me, the sum total of his actions in this case certainly achieved that result, from the tactical blunders which he admits in his Declaration and the detrimental actions outlined above, to his eleventh hour statement to me that he had aspirations to be a federal prosecutor. At the very least, I believe my trial was an example of gross ineffective assistance of counsel.

Dated: December 20, 2007               -S-
                                        _____
                                        FREDERICK LIM JOHNSON

                                        -S-