JAMES PHILLIP VAUGHNS, State Bar #124040
Law Offices of James Phillip Vaughns
6114 LaSalle Avenue, Suite 289
Oakland, California  94611
Telephone:  510-583-9622
Facsimile:  510-886-7218

Attorney for Defendant Frederick Lim JOHNSON

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, CALIFORNIA,<br><br>　　　　　Plaintiff,<br>vs.<br><br><br><br>FREDERICK LIM JOHNSON,<br>　　　　　Defendant. | NO.: CR 07-00371 MJJ<br><br>**SENTENCING MEMORANDUM**<br><br><br><br><br>Date:　January 24, 2008<br>Time:　2:00 p.m.<br>Hon. Martin J. Jenkins |

## INTRODUCTION

Defendant Frederick Lim Johnson was convicted by a jury of being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g)(1). He now appears for sentencing after having his trial attorney withdraw from continuing his representation of Mr. Johnson. Because of the withdrawal, no objections were raised to the draft Presentence Report ("PSR") prepared in this matter. The final version of the PSR includes the recommendation that Mr. Johnson be sentenced to a term of imprisonment of 210 months. As will be explained below, it is the defense's respectful recommendation that Mr. Johnson be sentenced to a term of imprisonment totaling 180 months - the mandatory minimum prison sentence of 15 years as mandated by the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1). In the alternative, it is suggested that a sentence at

the low end of the applicable guideline range - 188 months - be considered which would encompass the mandatory minimum sentence.

Sentencing is scheduled for January 24, 2008 at 2:00 p.m.

**APPLICABLE LAW**

*United States v. Booker* (2005) 543 U.S. 220, established the principle that the Sentencing Guidelines are now advisory only and that, at sentencing, federal judges must continue to consult the Guidelines, but are obliged to give effect to the criteria set forth in 18 U.S.C. § 3553(a).

In light of *Booker*, judges have finally been restored to their rightful position of possessing the discretion to fashion a sentence based on the particular facts of a case and the particular characteristics of a defendant - not fashioning a sentence based on a rigid set of rules that ignore those particularities.

Mr. Johnson respectfully requests that the Court consider all of the factors outlined in 18 U.S.C. § 3553(a) and determine a sentence that is sufficient, but not greater than necessary to meet the goals of sentencing.

Mr. Johnson understands that his prior convictions constitute the prerequisite for his characterization as an Armed Career Criminal, pursuant to USSG § 4B1.4 and 18 U.S.C. § 924(e). Therefore, he must be imprisoned not less than fifteen years.

**FACTORS TO BE CONSIDERED IN IMPOSING SENTENCE**

The primary directive in 18 U.S.C. § 3553(a) is for sentencing Courts to impose a sentence which is sufficient, but not greater than necessary, to comply with the four objectives of sentencing:

(1) to provide just punishment; (2) to afford adequate deterrence to criminal conduct; (3) to protect the public from further crimes of the defendant; (4) and to provide the defendant with effective rehabilitative treatment.

As noted above, under *Booker*, sentencing courts must treat the guidelines as just one of a number of sentencing factors set forth in 18 U.S.C. § 3553(a). In determining a minimally sufficient sentence, § 3553(a) further directs sentencing courts to consider certain factors, particularly the following:

*Circumstances of the Offense*

Frederick Johnson recognizes the seriousness of the charged crime and does not believe there is anything about the circumstances of the offense that merits special attention as they relate to sentencing. However, it bears mentioning that, while it is clear that Mr. Johnson was suspected of preparing for a bank robbery when arrested on the instant offense, the offense of conviction was not bank robbery and the sentencing analysis should reflect that.

*Characteristics of the Defendant*

Mr. Johnson is saddled with the label of "prolific bank robber" because of his prior convictions and statements to law enforcement agents. He accepts the fact that his background readily leads to that label. However, labels like that carry with them the likelihood that unfair characterizations will be made about the person to whom the label is attached..

In paragraph 12 of the PSR, mention is made of Mr. Johnson's communication with eight Federal Bureau of Prisons inmates wherein he apparently sent sums of money to them. This information is extraneous to the issues attendant to sentencing and tends to prejudice Mr. Johnson in the eyes of the reader. Mr. Johnson could have made an objection to its inclusion for those reasons. The connotation is that Mr. Johnson was somehow engaging in nefarious conduct by sending the money to the inmates and that the conduct is reflective of one of his characteristics to be considered by the Court. Mr. Johnson believe the Court will see the conduct for what it is. However, the decision on the part of the author to include the information is an example of the impact of being defined as a "prolific bank robber" as it is doubtful that the information would be considered noteworthy if the subject person was not so labeled.

The PSR does note Mr. Johnson's childhood circumstances of never knowing his mother because of her ethnicity, at paragraph 46, and of the abuse he suffered at the hands of his uncle, at paragraph 47.  These were terrible formative events that shaped Mr. Johnson's view of the world and of himself.

Furthermore, the PSR acknowledges Mr. Johnson's gambling addiction at paragraphs 51, 53, and 54. Unlike other defendants who squander their good fortune of being brought up in an

intact household and never having to battle the demons of addiction, Mr. Johnson is truly a product of his depressing environment. He does not contend that any of his background serves as an excuse. Nevertheless, when considering a just sentence, the Court can take such background factors into consideration. One way of doing so is to note that addictions can be treated as can poor self image issues. While Mr. Johnson's childhood will be a cross for him to bear forever, he is not beyond help. If he wants to change, he can. If he wants to live a positive life, he can.

The PSR characterizes Mr. Johnson's employment history as "limited." PSR, §62. That characterization is curious when the PSR also notes that Mr. Johnson was employed at the time of this offense (PSR, §58), that he has been described by a previous employer as a "good worker" (PSR, §59) and that he provided information that he has held at least 5 jobs between 1990 and 1992. PSR, §60. It cannot be said the Mr. Johnson is not industrious when he is not incarcerated.

Moreover, the Court can look to this employment history and be confident that, if Mr. Johnson can stay crime-free after release from prison, his prior good work habits bode well for him. Unlike other defendants who find themselves before a sentencing Court promising to become workaday members of society despite never having held a workaday job before, Mr. Johnson can certainly go forward with the confidence that a positive part of his history - keeping a job - need only repeat itself for him to adjust back into society.

### *Protection of the Public*

Mr. Johnson is thirty-seven years old and a father of two children. He has a great deal to live for. He had an epiphany when he spoke to the arresting agents and first told them that he felt he should have been killed during the arrest, but later told them he was not a "shooter." On his way to yet another federal court appearance for yet another arrest, wearing yet another pair of handcuffs, in the company of yet another set of agents, Mr. Johnson had had enough. He examined his life as he had lived it, saw it as essentially a waste of life, and correctly concluded that a violent death was his destiny.

However, further self-examination and introspection led him to conclude - also correctly - that his essential nature is not consistent with the taking of lives. That introspection has continued to today and Mr. Johnson can now envision a life without crime and with a more

positive destiny. It is common to hear that some people have to hit rock bottom in order to change some aspects of their lives. In Mr. Johnson's case, that was, and is, true. Having been through the federal criminal system enough, Mr. Johnson realized that after so many bites of the apple, all that is left is the harsh and bitter core. He knew, during that fateful drive to court, that *this* time was different. His words were not the bluff and bluster of a thug, but rather were the plain facts of life expressed by a realist who realized on his way to court that one lifestyle was ending and another, more onerous one, was about to begin.

Mr. Johnson has been humbled by the enormous imprisonment exposure he faces. A fifteen year prison sentence would be nearly double that of his previous longest term of imprisonment. PSR, §38. Most recently, he received a sentence of 51 months after admitting to robbing 25 banks and being convicted of multiple counts of armed bank robbery in 2003. PSR, §39. A fifteen year sentence will remove him from the streets for a long time, however, it is his attitude change that will truly protect the public. Now that he can envision a different life than the one he has lived, he can spend his time in prison preparing to carry out that vision.

He will be 52 years old upon his release from prison if he is sentenced as respectfully requested. He will no longer be subject to youthful indiscretions. Mr. Johnson has demonstrated that he can seek and keep gainful employment as long as he remains free. He has a supportive circle around him consisting of his girlfriend, Vanessa Short (PSR, §51) and his two children who he sees as often as possible. PSR, §50. These anchors, coupled with his intention to change his life, will ensure that he will not appear before another Court in the future having transgressed yet again.

## CONCLUSION

The Court must order a minimally sufficient sentence to achieve the goals of punishment in light of 3553(a), only one means of which is considering the advisory guideline sentence. The Court is now able to sentence outside the guideline range by exercising it's discretion under §3553(a) and it should be apparent that this case presents issues and factors that the guidelines do not appropriately consider. For these reasons, Mr. Johnson should be committed to the custody of

1  the Bureau of Prisons for a maximum period of 180 months.

5  Dated: January 18, 2008                Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　JAMES PHILLIP VAUGHNS
　　　　　　　　　　　　　　　　　　　　　Attorney for Frederick Lim Johnson